

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7196 | **DATE** | August 10, 2012 |
| **CASE TITLE** | DAVIS v. PULLY, et al. | | |

**DOCKET ENTRY TEXT:**

Respondent's motion to dismiss [11] is granted. The petition for writ of habeas corpus is dismissed as untimely. I decline to issue a certificate of appealability. Motion for extension of time [15] is stricken as moot. Motion for appointment of counsel [17] is denied.

## STATEMENT

    This petition for a writ of habeas corpus is founded on an alleged fact which is untrue. Darnell Davis claims that he was "deprived of his right to due process where the trial court, upon accepting his plea of guilty pursuant to a fully negotiated plea agreement, failed to inform him that a three (3) year term of mandatory supervise release (MSR) would have to be served in addition to the agree upon sentence of sixteen (16) years..."
    In the transcript of the plea proceeding, the judicial warning included these admonitions – "do you understand if you plead guilty to this, I have to sentence you to the penitentiary between 6 and 30 years? You could be fined up to $25,000. You would have to serve at least three years mandatory supervised release, which is like parole."
    The petitioner alleges he was never informed that the terms of the agreement required an additional three years on mandatory supervised release ("MSR"). He clarifies this in his next sentence stating that "when the trial court did mention mandatory supervised relase...it was prior to ...acceptance of the ...plea and during the court's admonishments regarding the **possible** penalties the petition could face..." (emphasis in original).
    In other words, Petitioner was informed, and he claims that this information should have occurred elsewhere in the proceedings. His claim that the MSR warning was directed to possible penalties is plainly wrong. The judge did speak of penalties that "could" be imposed, but that is not what he said about MSR which he said "would" have to be served.
    Davis raised this very claim in a post-conviction petition in state court, the denial of which was affirmed in the Appellate Court which stated that Davis was, in fact, complaining that the court did not mention MSR in his words imposing the sentence or after imposing sentence.
    In state court, the petitioner was invoking a well-known Supreme Court of Illinois decision newly holding that due process requires that defendants must be advised of MSR prior to accepting a plea. *People v.*

## STATEMENT

*Whitfield,* 217 Ill.2d 177, 840 N.E.2d 658 (2005). The Appellate Court, First District, found the precise admonition given in this case had been approved in its own decision in *People v. Marshall,* 381 Ill.App. 3d 724, 886 N.E.2d 1106 (2008). *Whitfield* was a case in which no mention of MSR was made during the plea procedure. The Appellate Court endorsed the view that, as a matter of practice, MSR should be incorporated into the formal announcement of the sentence, but the due process requirement is meant if the record shows that the defendant is admonished of the mandatory MSR before sentence and plea, and the defendant acknowledged that he understood the warning.

The claim, I observe, has no merit, but this is simply an alternative ground for declining to issue the writ.

The petition is untimely. After judgment was entered against him became final due to expiration of his time to appeal, he had until 27 March 2007 to seek habeas corpus in this court. He didn't file here until 29 September 2011 – at least four years too late. The post-conviction petition in state court does not stop the clock running because, when it was filed, the federal time limit had already expired about six months earlier.

One of the exceptions which might allow a prisoner to file occurs when the prisoner could not have discovered the factual basis for his claims. But the factual predicate was known to him on the day he pled. A change in state law (and we know this was a change because the Illinois courts do not apply the rule retroactively) does not constitute a "factual predicate." *Lo v. Endicott,* 506 F.3d 572 (7th Cir. 2007). New rules can be the basis for late filing, but only in the case of new constitutional rules recognized by the Supreme Court of the United States. Indeed, it is not clear that the United States Constitution would require the admonition about MSR, and the constitutional issue may never be decided since federal rules of procedure require admonitions about mandatory elements of sentence.

A short period of weeks of inability to access a prison law library does not explain or mitigate years of sitting on this meritless claim.

The petition for writ of habeas corpus is dismissed as untimely.

I decline to issue a certificate of appealability. There are no arguable grounds to appeal because reasonable judges would find it debatable whether the petition presented a valid claim for relief or was timely.